THOMPSON, Judge.
In this case, Charles Schuhart appeals his convictions by jury and his sentences for *1050 three counts of uttering a forgery,[1] four counts of forgery,[2] one count of grand theft[3] and one count of failure to appear.[4] Only one issue raised on appeal has any merit for appellate consideration: the denial of his motion for discharge. Schuhart argues that because he was incarcerated in California on other charges, once the state received formal notice pursuant to the Interstate Agreement on Detainers Act (“IAD”)[5] that he wanted to be tried in Florida, the state had 180 days to try him. He alleges he was not tried within 180 days, therefore, the trial court erred in not granting his motion for discharge. After consideration of his argument, we affirm his conviction.
Schuhart committed the crimes for which he was convicted in 1988. He was arrested and released in 1988, but Schuhart was not tried until October 1993. Subsequent to his release, he was incarcerated in California on other charges. Although Schuhart had filed motions for speedy trial while in California, the trial court determined that the state did not get written notice for final disposition until 2 April 1993. On this date, Schuhart filed a demand for speedy trial with the state attorney’s office in Brevard County. The state then had 180 days to try him for the 1988 crimes. See Fex v. Michigan, — U.S. —, —, 113 S.Ct. 1085, 1091, 122 L.Ed.2d 406 (1993); § 941.45(3)(2), Fla.Stat. (1987). The state was required to try Schuhart before 30 September 1993.
On 5 August 1993, the state requested a continuance pursuant to Florida Rule of Criminal Procedure 3.190(g). The state gave three reasons for the request: 1) Schuhart had absented himself from the jurisdiction of the court; 2) Schuhart had been incarcerated in California and had recently been brought back to Florida; and, 3) the state needed additional time to ensure the presence of witnesses and evidence at the trial. This motion was granted by the trial judge and the trial was reset to the next trial docket sounding on 13 September 1993 and the jury trial week of 4 October 1993. Schuhart filed a motion for discharge on 4 October 1993, before the trial commenced. The trial court denied the motion. The trial court explained that because of Sehuhart’s absence from the state for five years and the problems caused by the passage of time, the state had shown “good cause” and a reasonable continuance was appropriate.
There are 46 states that are members of the IAD. The purpose of the IAD is “to encourage the expeditious and orderly disposition of ... charges and [make a] determination of the proper status of any and all detainers based on untried indictments, informations, or complaints.” § 941.45(1), Fla.Stat. (1987). The IAD ensures that prisoners get speedy trials by requiring that prisoners be tried within 180 days of the prosecuting authority being notified of a prisoner’s request for formal disposition, in this case, a trial. § 941.45(3)(a), Fla.Stat. (1987). The IAD also has an additional time period to mandate compliance with speedy trial mandates. § 941.45(3), Fla.Stat. (1987). Once a prisoner has been brought to the state where the prisoner is to be tried, the receiving state has 120 days to try the prisoner. § 941.45(4)(c), Fla.Stat. (1987). However, the IAD allows for a reasonable continuance upon good cause being shown in open court. Id. In this case, the trial judge did not err in denying the motion for discharge. The state presented adequate facts to support its motion to continue. We affirm the denial of the motion for discharge.
AFFIRMED.
GOSHORN and W. SHARP, JJ., concur.

. § 831.02, Fla.Stat. (1987).

. § 831.01, Fla.Stat. (1987).

. § 812.014(2)(c), Fla.Stat. (1987).

. § 843.15(l)(a), Fla.Stat. (1987).

. §§ 941.45-941.50, Fla.Stat. (1987).